COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-112-CV
 
 
 
IN 
THE MATTER OF M.D.H.
 
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION ON DENIAL OF 
APPELLANT’S SECOND
MOTION FOR REHEARING[1]
 
------------
        We 
deny Appellant’s second motion for rehearing, but write to address the 
dissent’s statement that it does not appear that M.D.H. intended to stipulate 
to the evidence that she attempted to strike the officer or that the trial court 
considered the striking evidence in adjudicating M.D.H. delinquent.  As 
detailed in our February 26, 2004 memorandum opinion on rehearing, the trial 
court initially admonished M.D.H. when she signed her stipulation, “I need you 
to listen very carefully to what they say, because when they’re finished, 
I’m going to ask you if everything they said was true, because that’s the 
only evidence that I’ll be able to consider today.”
        When 
M.D.H.’s counsel objected to testimony that M.D.H. attempted to strike a 
police officer, he made two points: 1) that the first paragraph of the State’s 
petition charging M.D.H. with misdemeanor assault on a family member was 
dropped; and 2) that M.D.H. could not stipulate to evidence that she attempted 
to strike the police officer.  The court first reassured the parties that 
it would consider the evidence only with regard to the resisting arrest charge 
in the second paragraph of the State’s petition and then asked M.D.H. if she 
could agree that all of the evidence put forth by the State was true.  
M.D.H. responded, “I did not try to hit the officer.  When he told me I 
was under arrest, because I had reacted in self-defense after my sister had 
attacked me and drawn blood, I did something to stop it.”  The trial 
court once again admonished M.D.H. that her stipulation would encompass all 
of the State’s evidence, explaining:
 
THE 
COURT: [M.D.H.], let me tell you, I understand you’re trying to tell me your 
side of the story, but if we’re going to stipulate to the evidence today, then 
the only evidence that I can consider is what the District Attorney has just 
told me. That’s what I need to consider is what those witnesses would say is 
what happened from their perspective, and that’s the evidence that I can 
consider in finding whether or not you broke the law. Do you understand 
that? [Emphasis added.]
 
[APPELLANT]: 
Yes, ma’am.
 
THE 
COURT: And is that how you want to proceed today?
 
[APPELLANT’S 
ATTORNEY]: Can I have just a minute, Your Honor?
 
THE 
COURT: You may.
 
(Off-the-record 
discussion here.)
 
THE 
COURT: All right. Is that how you want to proceed today, with me considering 
what the D.A.’s evidence is?
 
[APPELLANT]: 
Yes, ma’am.
 
 
The 
trial court’s own statements on the record, as well as Appellant’s, indicate 
that M.D.H. stipulated to all of the evidence and the trial court considered all 
of the evidence in adjudicating M.D.H. delinquent.
 

 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
WALKER, 
J. filed a dissenting opinion.
 
DELIVERED: 
July 1, 2004
 

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-112-CV
 
 
 
IN 
THE MATTER OF M.D.H.
 
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
DISSENTING OPINION TO 
DENIAL OF APPELLANT’S
SECOND MOTION FOR REHEARING
 
------------
 
        I 
respectfully dissent to the majority’s denial of M.D.H.’s second motion for 
rehearing.  Paragraph two of the State’s petition alleged that M.D.H. 
committed the offense of resisting arrest by using force against a peace 
officer, “to wit: pulling away from him.”  Prior to the adjudication 
hearing, M.D.H. stipulated to the State’s evidence on the resisting arrest 
charge.  During the adjudication hearing, the State produced evidence that 
M.D.H. not only pulled away from the officer, but also that she attempted to 
strike the officer with her hand as he attempted to effectuate the arrest.  
M.D.H.’s attorney immediately advised the juvenile court that M.D.H. did not 
intend to stipulate to the striking allegation:
 
[S]he 
did not attempt to strike anybody.  She attempted to pull away, and 
that’s what I indicated earlier that it was agreed and stipulated testimony 
that she pulled away from the police officer, but not that she attempted to 
strike the police officer.

 
In 
response, the court advised M.D.H. that it would “consider the evidence only 
as it relate[d] to the second paragraph, the evading [sic] arrest offense.”  
In addition, at the close of the adjudication hearing, the juvenile court 
stated, “I will find then based on that stipulated evidence that you have 
engaged in delinquent conduct as alleged in paragraph two of the State’s 
petition.” [Emphasis added.]
        Although 
the record in this case is somewhat unclear, it does not appear that M.D.H. 
intended to stipulate to the evidence that she attempted to strike the officer, 
nor does it appear that the trial court considered the striking evidence in 
adjudicating M.D.H. delinquent.  Because the trial court adjudicated M.D.H. 
delinquent for resisting arrest based solely upon the evidence that she pulled 
away from the police officer, this court must necessarily consider whether 
pulling away, standing alone, is legally and factually sufficient to constitute 
the offense of resisting arrest.  Accordingly, I would grant M.D.H.’s 
second motion for rehearing and address this issue.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
DELIVERED: 
July 1, 2004

 
NOTES
1. 
Majority Opinion by Justice Holman; 
Dissenting Opinion by Justice Walker